1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   SHERYL J MARTIN,

11                          Petitioner,

12          v.

13   DAVID FLYNN,

14                          Respondent.

CASE NO. 3:15-CV-05766-BHS-DWC

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL

15

16          The District Court has referred this action filed under 28 U.S.C. § 2254 to United States

17   Magistrate Judge David W. Christel. Currently pending in this action is Petitioner's Motion for

18   Appointment of Counsel. Dkt. 7.

19          There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an

20   evidentiary hearing is required or such appointment is "necessary for the effective utilization of

21   discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v.*

22   *Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129,

23   1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing

24   Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint

1  counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754.

2  In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on

3  the merits as well as the ability of the petitioner to articulate [her] claims pro se in light of the

4  complexity of the legal issues involved." *Id.*

5        Here, the Court directed service of the Petition and the time for filing an answer has not

6  run. *See* Dkt. 9. As an answer has not been filed, the Court does not find good cause for granting

7  leave to conduct discovery and has not determined an evidentiary hearing will be required. *See*

8  Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

9  Furthermore, Petitioner effectively articulated her grounds for relief raised in the Petition, the

10  grounds are not factually or legally complex, and it is difficult to determine the likelihood of

11  success on the merits without an answer and the state court record. *See* Dkt. 6. Thus, Petitioner

12  has not shown the interest of justice requires the Court to appoint counsel at this stage in the

13  case.

14        As Petitioner has not shown appointment of counsel is appropriate at this time, the

15  Motion for the Appointment of Counsel is denied without prejudice.

16        Dated this 5th day of January, 2016.

17

18  David W. Christel
    United States Magistrate Judge

19

20

21

22

23

24

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2