UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERYL J. MARTIN,<br><br>                    Petitioner,<br><br>v.<br><br>DAVID FLYNN,<br><br>                    Respondent. | CASE NO. C15-5766BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 26), and Petitioner Sheryl Martin's ("Martin") objections to the R&R (Dkt. 27).

On July 11, 2016, Judge Christel issued the R&R recommending that the Court deny Martin's petition and deny a certificate of appealability. Dkt. 26. Judge Christel recommends denying Martin's first and third grounds for relief on the merits and denying her second and third grounds for relief as unexhausted and procedurally defaulted. *Id.* On July 24, 2016, Martin objected to the recommendations as to part of ground one and as to the denial of a certificate of appealability. Dkt. 27.

ORDER - 1

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Martin argues that her "Sixth Amendment right to effective assistance of counsel was violated when counsel failed to present a competent defense at trial." Dkt. 27 at 1. Martin was accused of attempting to murder her husband after discovering that he was having an affair. *State v. Martin*, 169 Wn. App. 620, 623 (2012). Before trial, her counsel notified the state that he intended to rely on a diminished capacity defense based on the betrayal trauma theory ("BTT"). *Id*. at 624. After a hearing, the trial court found that BTT was not widely accepted in the scientific community and precluded introduction of the theory. *Id*. Martin argues in her petition that her counsel should have then presented the theory of battered woman syndrome ("BWS"). Dkt. 19. Judge Christel recommends denying this claim because Martin fails to overcome the high burden to second guess trial counsel's strategic decisions. Dkt. 27 at 14–15. Judge Christel also concluded that Martin "has not submitted any evidence showing she suffered from battered woman syndrome" and that "the trial court found Petitioner was not being abused and thus there was no basis to depart from the sentencing guidelines because of abuse." *Id*. at 15. Martin objects arguing that the standard of review should be *de novo* or, in the alternative, the Court should conduct an evidentiary hearing to develop the factual basis for the BWS defense. Dkt. 27 at 2.

First, Martin argues that the state court did not decide her claim on the merits. Dkt. 27 at 3–4. In *Harrington v. Richter*, 131 S. Ct. 770, (2011), the Supreme Court held that § 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Id*. at 785. Rather, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 784–785. "The *Richter* presumption is a strong one that may be rebutted only in unusual circumstances . . . ." *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013). "When the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court, § 2254(d) entitles the prisoner to an unencumbered opportunity to make his case before a federal judge." *Id*. at 1097.

In this case, Martin has failed to rebut the *Richter* presumption. Martin argues that, because the state court summarily denied her claim as frivolous, it did not reach the merits. Dkt. 27 at 3–4. It is undisputed that Martin presented her BWS claim. Thus, the *Richter* presumption applies. Martin must then show that her case is an unusual circumstance and that the evidence leads very clearly to the conclusion that her federal claim was overlooked. Martin has failed to do so. She has failed to show that state law provides less protection for an ineffective assistance of counsel claim or that state and federal law are not interwoven on this subject. *Johnson*, 133 S. Ct. at 1096. Instead, Martin merely requests an opportunity to further develop the evidence on her BWS claim without actually providing any additional evidence in support of this argument. In the

ORDER - 3

absence of any evidence that her federal claim was very clearly overlooked, Martin is not entitled to *de novo* review.

Second, Martin argues that, even if the state court decided the claim on the merits, she meets an exception for procedural default under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held that

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320. In *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), the Ninth Circuit held that "[a] claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Id*. at 1318. If a petitioner can meet either one of these circumstances and her claim is procedurally defaulted because it is time barred, then the Court should grant the petitioner an opportunity to meet the *Martinez* procedural default exception. *Id*.

In this case, Martin fails to meet her burden under *Dickens* or *Martinez*. Martin fails to show that the allegations "fundamentally alter" her BWS claim or cast the case in a significantly different light. At most, Martin seeks the opportunity to fully develop the record without any showing that her new allegations will fundamentally alter her previous claim that was presented to the state court. Even if Martin made this showing,

she has failed to show prejudice. As Judge Christel noted in the R&R, "the trial court found [Martin] was not being abused and thus there was no basis to depart from the sentencing guidelines because of abuse." Dkt. 26 at 15. Therefore, the Court denies Martin's substantive objections.

With regard to a certificate of appealability, the Court agrees with Judge Christel that jurists of reason would not disagree on the disposition of Martin's constitutional claims. Therefore, the Court having considered the R&R, Martin's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Martin's petition is **DENIED**;

(3) The Court **DENIES** a Certificate of Appealability; and

(4) The Clerk shall close this case.

Dated this 19th day of September, 2016.

BENJAMIN H. SETTLE
United States District Judge